**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELEANOR DEHOFF,** | : | **Civ. Action No. 1:CV-03-1905** |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **LITTLESTOWN AREA SCHOOL DISTRICT** | : | |
| **and DR. ROBERT McCONAGHY,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the Court is Defendants' motion for attorneys' fees and costs brought pursuant to 42 U.S.C. § 1988.  Plaintiff has filed a brief in opposition to the motion.  For the reasons that briefly follow, Defendants' motion will be denied.

**I.    Background**

Plaintiff commenced the above-captioned action against the Littlestown Area School District ("LASD") and the LASD Superintendent, Dr. Robert McConaghy, alleging that the Defendants employed an unwritten chain-of-command policy that prohibited LASD employees from speaking to school board directors about district business without obtaining clearance from Dr. McConaghy.  Plaintiff alleged that this policy violated her rights to free speech under the First Amendment to the United States Constitution.  When Plaintiff commenced this action, she was an elected member of the LASD board.

On October 28, 2003, the Court denied Plaintiff's motion for a temporary restraining order for failure of Plaintiff to establish likelihood of success on the merits.  The Court held an evidentiary hearing on Plaintiff's motion for a preliminary injunction on November 26, 2003.  Based on the testimony and documentary evidence presented at the hearing, and upon

consideration of the briefs filed by Plaintiff and Defendants, the Court found that Plaintiff had

failed to demonstrate that she was likely to succeed on her claims, and denied Plaintiff's request

for preliminary injunctive relief.  Notably, while Plaintiff's motion for a preliminary injunction

was pending, Plaintiff's term on the LASD school board expired and Plaintiff was not reelected.

As a result, Plaintiff amended her original complaint to assert that the LASD's alleged chain-of-

command policy violated her rights as a taxpayer living within the LASD.  Immediately before

trial, Plaintiff abandoned her claim that her rights as a school board member were violated by the

alleged policy and filed a stipulation to that effect.  (Doc. No. 93.)

On October 18, 2005, the Court held a nonjury trial.  In addition to her own testimony,

Plaintiff called three witnesses to testify at trial:  (1) Dr. Robert McConaghy, Superintendent of

the LASD; (2) Brian Shirk, a former employee with the LASD; and (3) Eileen Bentzen, an LASD

employee in charge of food services.  Additionally, Plaintiff offered into evidence

correspondence between Plaintiff and various members of the LASD school board that was

exchanged during Plaintiff's tenure as a board member.  Plaintiff also offered two sets of

correspondence between herself and Mr. Shirk and Ms. Bentzen, both of which were exchanged

while Plaintiff was a member of the school board.  Additionally, Plaintiff offered into evidence a

very brief excerpt of the testimony of Dr. Robert McConaghy at the hearing on Plaintiff's motion

for a preliminary injunction.  At the conclusion of the evidence, Defendants' moved for judgment

as a matter of law, arguing that the evidence of record was legally insufficient to allow Plaintiff

to prevail on her claims.  In denying Plaintiff's motion for a preliminary injunction, the Court

found that Plaintiff could prevail on her First Amendment claim only by demonstrating that an

official LASD policy had the effect of chilling the speech of LASD employees who were willing

speak with Plaintiff regarding matters of public concern.[1]  Defendants argued that judgment as a

matter of law was proper because the evidence presented at trial failed even to establish the

existence of an unwritten chain-of-command policy employed by the LASD.  The Court took the

matter under advisement and on November 8, 2005, the Court entered a memorandum and order

granting Defendants' motion.  (Doc. No. 96.)  The Court entered Judgment in favor of

Defendants on November 8, 2005, and Plaintiff did not appeal.  (Doc. No. 97.)

On November 22, 2005, Defendants filed the motion pending before the Court seeking

more than $17,000 in attorneys' fees.  (Doc. No. 98.)  Defendants supplemented this motion on

December 7, 2005 (Doc. No. 99) and filed a brief in support of their motion on December 22,

2005 (Doc. No. 101).  Following an agreed-upon extension of time, Plaintiff filed a brief in

opposition to Defendants' motion on January 19, 2006.  (Doc. No. 105.)

## II.     Standard of Review

Pursuant to 42 U.S.C. § 1988, in connection with a lawsuit brought under 42 U.S.C. §

1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a

reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988.  Although the statute itself

does not draw a distinction between prevailing defendants and prevailing plaintiffs, the federal

courts have developed alternative burdens for recovery of attorneys' fees under § 1988.

Accordingly, although a defendant may be a "prevailing party" for purposes of the statute, the

---

[1]     Plaintiff did not claim that any LASD policy violated her own right to speak as a
taxpayer.  Rather, Plaintiff's essentially claimed that an unofficial LASD chain-of-command
policy impaired her right as a taxpayer to receive information from LASD employees, whose
own free speech rights were allegedly curtailed under the alleged policy.  The Court found that to
prevail on such a claim, Plaintiff would need to establish not only that the LASD policy existed
in the first place, but also that there were willing speakers who refrained from speaking as a
result of such a policy.

3

standard for awarding fees "to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." Barnes Foundation v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001). "[A] prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . . ." Id. at 158 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). However, a prevailing defendant need not show that the plaintiff brought the action in "subjective bad faith." Barnes Foundation, 242 F.3d at 158.

In considering whether a prevailing defendant is entitled to an award of attorney's fees under 42 U.S.C. § 1988, a district court should consider to following factors: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the claims prior to trial or had a full-blown trial on the merits." EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997); see also Barnes Foundation, 242 F.3d at 158 (considering as additional factors whether the issues raised in the litigation were matters of first impression and whether there existed a real threat of injury to the plaintiff). The Third Circuit has noted that these factors should be considered "guideposts, not hard and fast rules," and that "[d]eterminations regarding frivolity are to be made on a case-by-case basis." L.B. Foster Co., 123 F.3d at 751 (quotation omitted). The United States Supreme Court has instructed that when considering these various factors district courts should exercise caution before readily awarding attorneys' fees to prevailing defendants:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most outright

4

claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial, the law may change or clarify in the midst of litigation.  Even when the law on the facts appears unquestionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg Garment Co., 434 U.S. at 421-22.

## III.   Discussion

Defendants argue that the Court should impose attorneys' fees and costs upon Plaintiff for initiating what they contend was a frivolous lawsuit and that she "knew or should have known of the impossibility of success" and that the litigation "was vexatious, frivolous, groundless, without merit, unreasonable or brought to harass or embarrass Defendants."  (Doc. No. 101, at 6.) In support of their motion, Defendants rely chiefly on two decisions:  Brown v. Borough of Chambersburg, 903 F.2d 274 (3d Cir. 1990), in which a panel of the Third Circuit upheld an award of attorneys' fees to defendant municipality after granting a directed verdict in a case where plaintiff presented no evidence other than his own testimony and where his testimony was contradicted by all other witnesses, including those who were disinterested; and Allen v. Temple University, No. 95-3459, 1996 WL 547213 (E.D. Pa. Sept. 25, 1996), an unpublished decision from the United States District Court for the Eastern District of Pennsylvania in which the court awarded attorneys' fees to defendant upon finding that plaintiff had conducted no discovery in the case and had no factual support for her claims other than her own speculative testimony, and where her attorney conceded that her claims were meritless but took the case to trial to obtain courtroom experience.  Allen, 1996 WL 547213, at *2.

5

Plaintiff counters by arguing that Brown and Allen are distinguishable from the instant case, and by emphasizing that throughout the litigation Plaintiff had sufficient evidentiary support for her claims to survive Defendants' motion for summary judgment and proceed to trial. Plaintiff notes that she presented deposition and hearing testimony from Defendant McConaghy, including contradictory testimony, in which he initially acknowledged announcing a screening policy for interview requests, as well as the testimony of Eileen Bentzen, who testified that she initially believed that she needed Dr. McConaghy's permission to speak with LASD directors or members of the public.  Plaintiff acknowledges that Dr. McConaghy testified at trial that he did not actually apply such a policy, and that the instructions he originally claimed to have given to LASD employees were to enable the employees to refer requests for information to him in the event they were uncomfortable answering them.  Plaintiff also concedes that she had "less evidence" that Defendants had continued to employ an unconstitutional chain-of-command policy after she lost her seat on the school board, but she maintains that she had at least some evidence for this claim.  (Doc. No. 104, at 17.)  In sum, Plaintiff argues that she proceeded to trial with genuine evidentiary and legal support for her claims and that Defendants should not be awarded fees pursuant to 42 U.S.C. § 1988 because the litigation was not frivolous, unreasonable, or without foundation.

Upon consideration, the Court agrees with Plaintiff that Defendants are not entitled to attorneys' fees and costs under the fee shifting provision of 42 U.S.C. § 1988.  It is true that Plaintiff was almost entirely unsuccessful throughout this action, and was apparently able to develop little evidence in support of her claims other than that elicited from various witnesses during the preliminary injunction hearing.  Nevertheless, the Court finds the circumstances of

this case and Plaintiff's conduct of the litigation readily distinguishable from the situations

presented in <u>Brown</u> and <u>Allen</u>, and although the Court ultimately determined that Plaintiff's

claims failed as a matter of law, the Court does not conclude that Plaintiff's claims were merely

vexatious, frivolous, groundless, or otherwise unreasonably prosecuted.  Accordingly,

Defendants' motion for attorneys' fees will be denied.  An appropriate order follows this

memorandum.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELEANOR DEHOFF,** | : | **Civ. Action No. 1:CV-03-1905** |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **LITTLESTOWN AREA SCHOOL DISTRICT** | : | |
| **and DR. ROBERT McCONAGHY,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**AND NOW**, this 21st day of August, 2006, upon consideration of Defendants' Motion for Attorney Fees (Doc. No. 98), and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.


S/ Yvette Kane
Yvette Kane
United States District Judge